United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 03-20179

Summary Calendar

—————————————

JAMES D ROBISON,

Plaintiff - Appellant,

versus

THE UNIVERSITY OF TEXAS HOUSTON HEALTH SCIENCE CENTER,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
For the Southern District of Texas
(H-02-CV-1950)

—————————————

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Robison appeals dismissal of his medical malpractice and false imprisonment claims for lack of subject matter jurisdiction. We affirm.

The district court did not err in finding that it lacked subject matter jurisdiction over Robison's claims. Federal courts

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims.[1]  Federal courts have subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[2]  The burden of establishing federal jurisdiction rests on Robison.[3]  Robison's complaint asserts several causes of action, none of which rest on questions of federal law.  Likewise, there is no diversity of citizenship.  Therefore, because neither a federal question or diversity of citizenship exists, the district court lacked subject matter jurisdiction over this cause of action and it was properly dismissed.

---

[1] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[2] *See* 28 U.S.C. §§ 1331, 1332.

[3] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).